UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| HUGO PALACIOS VAZQUEZ, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. ) |
| UNIVERSITY OF NEBRASKA MEDICAL CENTER COLLEGE OF MEDICINE, | ) ) ) ) ) |
| Defendant. | ) ) |

# COMPLAINT

Plaintiff Dr. Hugo Palacios Vazquez ("Plaintiff" or "Dr. Palacios") brings this action for damages against the University of Nebraska Medical Center College of Medicine ("Defendant" or "UNMC College of Medicine") for violations of the Family Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.* ("FMLA").

# INTRODUCTION

1. In retaliation for taking FMLA leave to care for his ill mother in Puerto Rico, the UNMC College of Medicine unilaterally extended Dr. Palacios's employment commitment and fellowship graduation date, despite Dr. Palacios exceeding all graduation requirements.

2. The unlawful extension of Dr. Palacios's employment contract was only one step in Defendant's ongoing discriminatory and retaliatory campaign against Dr. Palacios. Notwithstanding Dr. Palacios's outstanding contributions and years-long commitment to Defendant's Plastic & Reconstructive Surgery Fellowship Program (the "Program"), Defendant imposed upon Dr. Palacios a series of hostile and retaliatory working conditions and demonstrated a striking disregard for his physical, mental, and emotional well-being.

3.  After Dr. Palacios requested and took FMLA leave, Defendant, in addition to extending the length of Dr. Palacios's contract and graduation date, placed Dr. Palacios on unwarranted academic probation, threatened to impose further disciplinary measures against him, and directed attending physicians to threaten him. Additionally, Defendant pressured Dr. Palacios to work unhealthy hours in violation of Accreditation Council for Graduate Medical Education ("ACGME") requirements.

4.  As a result of Defendant's unlawful conduct, Dr. Palacios has suffered and will continue to suffer harm, including loss of income, emotional distress, physical and mental injury, and other compensable damages.

## PARTIES

5.  Hugo Palacios Vazquez is a plastic surgery doctor in Defendant's Plastic & Reconstructive Surgery Fellowship Program. He resides in Omaha, Nebraska. Dr. Palacios lived in and performed work for the University of Nebraska Medical Center College of Medicine in Nebraska at all times relevant to this Complaint.

6.  The University of Nebraska Medical Center College of Medicine is private medical college within the University of Nebraska Medical Center, a public academic, health, and science center, with its principal place of business located at 42nd and Emile in Omaha, Nebraska.

## VENUE

7.  Jurisdiction is proper in this district pursuant to 28 U.S.C. §§ 1331 and 1367 because Dr. Palacios asserts causes of action under federal law pursuant to the Family Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.* ("FMLA").

8.  Venue is proper in this district under 28 U.S.C. § 1391 (b) and (c) because Dr. Palacios is a resident of Nebraska and at all relevant times performed work for UNMC College of

Medicine in Nebraska, UNMC College of Medicine's principal place of business is located in Nebraska, and the alleged harm occurred in Nebraska.

## GENERAL ALLEGATIONS

### Dr. Palacios's Employment with Defendant

9. On October 1, 2021, Dr. Palacios commenced his three-year-long fellowship with Defendant's Plastic & Reconstructive Surgery Fellowship Program. Dr. Palacios's graduation date from the Program was September 30, 2024.

10. At all times relevant hereto, Dr. Palacios was qualified for his position as a plastic surgeon fellow with Defendant.

11. Dr. Palacios is a graduate of the University of Puerto Rico School of Medicine (the "University"), a rigorous medical school with an acceptance rate of just 14%, and completed his general surgery at the University's ACGME accredited General Surgery Residency Program.

12. Throughout his extensive medical training at the New York Health + Hospitals Jacobi Medical Center's Burn Fellowship Program, the University of Mississippi's Hand Surgery Fellowship Program, and Defendant's Plastic & Reconstructive Surgery Fellowship Program, Dr. Palacios demonstrated exceptional dedication and skill.

13. Plaintiff is a distinguished plastic surgeon at the top of his highly competitive field.

14. Dr. Palacios has performed his responsibilities successfully during his fellowship with Defendant.

15. He has gone above and beyond what is expected of a fellow in the Program in every regard, including but not limited to his worked hours, his completed rotations, his calls worked, and his case log.

16. For instance, Dr. Palacios acted as the chief fellow and exercised chief fellow duties even as a first-year fellow. Dr. Palacios also assisted full-time attending physicians in their own duties on major surgeries such as Deep Inferior Epigastric Perforator ("DIEP") flaps, at many times to the detriment of his own physical well-being and after consecutive sleepless nights due to call burden.

**Defendant's Retaliation Against Dr. Palacios for Taking FMLA Leave**

17. On March 29, 2023, Dr. Palacios submitted a request to take FMLA leave to care for his mother, who was suffering from serious health conditions in Puerto Rico. Defendant approved Dr. Palacios's request.

18. From March 10, 2023 to June 1, 2023, Dr. Palacios took FMLA leave to care for his ill mother in Puerto Rico.

19. Immediately after Dr. Palacios returned from FMLA leave, Defendant commenced its retaliatory campaign against Dr. Palacios.

20. On June 12, 2023, a mere ten (10) days after Dr. Palacios's return from leave, Defendant's Clinical Competency Committee ("CCC") of the Division of Plastic Reconstructive Surgery residency training program informed Dr. Palacios that they "recently met" to review his progress in the Program.

21. Despite Dr. Palacios's significant contributions and years-long commitment to the Program, Defendant informed Dr. Palacios that they had decided place him "on review" for the period of June 1, 2023 to August 31, 2023. *Id.*

22. The CCC further informed Dr. Palacios that they would meet to reassess his performance at the end of the three-month review period. *Id.*

23. On September 7, 2023, Defendant informed Dr. Palacios that it "did not feel" he had met all "expectations" and decided to continue his review period for another three months – from September 1, 2023 to November 30, 2023.

24. The CCC further notified Dr. Palacios that it would meet to reassess his performance at the end of the additional three-month review period and, at that time, one of the following would occur: "1. You will be removed from academic review. 2. You will be placed on academic probation. 3. You will be required to repeat certain rotations which will extend your training period." *Id.*

25. On December 5, 2023, Defendant placed Dr. Palacios on academic probation for the period of December 5, 2023 to March 5, 2024.

26. Defendant's rationale for placing Dr. Palacios on academic probation -- alleged deficiencies in medical knowledge – was fabricated, unsupported by records, and continued retaliation for Dr. Palacios having taken FMLA leave to care for his ill mother.

27. Indeed, prior to and throughout his participation in the Program, Dr. Palacios received high praise from peers and superiors alike, who extolled his remarkable depth of medical knowledge, polished technical skills, excellent surgical skills, all-encompassing dedication, and clinical acumen.

28. But Defendant's retaliatory campaign did not stop with Dr. Palacios's unwarranted academic probation.

29. During the second review period, on or about October 31, 2023, Defendant's attending physician Dr. Sean Figy ("Dr. Figy") threatened Plaintiff with probation and further disciplinary measures.

30. Furthermore, the Program directed attending physicians, including but not limited to Dr. Jason Miller, to threaten Dr. Palacios by telling him, among other things, the Program will interact with him in a negative way.

31. Defendant's retaliatory campaign against Dr. Palacios continued when, on July 1, 2024, Defendant unilaterally extended his graduation date beyond the promised end date of September 30, 2024 to December 15, 2024.

32. Dr. Palacios had already exceeded all graduation requirements so there was no reason to extend his graduation date. Dr. Palacios completed the 48 weeks of training for each of his three years at the Program as required by the Program and the American Board of Plastic Surgery (the "Board").

33. Additionally, Dr. Palacios eclipsed all minimum requirements with respect to procedures performed. For example, Dr. Palacios completed 143 head and neck congenital reconstructive procedures when the Program minimum requirement is 50; he completed 189 trunk deformity procedures when the Program minimum is 25; and he completed 99 nerve injury reconstruction procedures when the Program minimum is 10.

34. Dr. Palacios frequently assumed call and worked hours, as directed by the Program, that far exceeded the Program norm and that extended well beyond any ACGME hours-cap.

35. Then, on August 21, 2024, Defendant informed Dr. Palacios that it was again extending his graduation date an additional week to December 22, 2024, citing his FMLA leave and legitimate continued education, sick and vacation days he had taken.

36. Defendant's adverse actions are linked to Plaintiff's FMLA leave because they commenced immediately following his return from leave.

37. Further, the Program specifically informed Dr. Palacios it was extending his graduation date because he took FMLA leave.

38. Defendant continues to unlawfully delay Dr. Palacios's graduation date and his ensuing medical career without justification and in violation of law.

39. The Program also targeted Dr. Palacios in other manners. Contemporaneous with this complaint, Plaintiff will be filing complaints with the U.S. Equal Employment Opportunity Commission and the U.S. Office of Civil Rights and Title IX Compliance for those incidents.

### COUNT I
**Retaliation in Violation of the Family Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.*
(Damages)**

40. Dr. Palacios realleges and incorporates by reference Paragraphs 1 through 53 as though fully set forth herein.

41. Section 2615(a)(1) of the FMLA expressly provides that it shall be unlawful for any employer to interfere with, retrain, or deny the exercise of or the attempt to exercise, any right provided under the FMLA. *Id*. § 2615(a)(1).

42. Defendant is an employer covered by and subject to the FMLA because Defendant employs fifty (50) or more employees for each working day during each of the twenty (20) or more calendar workweeks in the current or preceding calendar year. *Id.* § 2611(4).

43. Dr. Palacios is member of the class of persons entitled to protected medical and/or family leave under FMLA. Specifically, Dr. Palacios worked for more than one (1) year for Defendant and worked in excess of one thousand two hundred and fifty (1,250) hours in the preceding twelve (12) month period prior to his request and/or taken leave(s). *Id.* § 2611(2).

44. As an eligible employee, Dr. Palacios is entitled to a total of twelve (12) workweeks of leave during any twelve (12) month period in order to care for a parent with a serious health condition. *Id.* § 2612(1)(C).

45. During the course of Dr. Palacios's employment with Defendant, Dr. Palacios's mother suffered from one or more serious health conditions within the meaning of 29 U.S.C. § 2611(11).

46. Dr. Palacios provided Defendant with reasonable and practicable notice of his need to take FMLA leave to care for his mother. *Id.* § 2612(e).

47. On March 29, 2023, Dr. Palacios submitted a request to take FMLA leave and Defendant approved Dr. Palacios's request.

48. From March 10, 2023 to June 1, 2023, Dr. Palacios took FMLA leave to care for his ill mother in Puerto Rico.

49. Following Dr. Palacios's return from FMLA leave, Defendant commenced its retaliatory campaign against Dr. Palacios, including by unilaterally extending his graduation date beyond the promised end date of September 30, 2024 to December 15, 2024.

50. Defendant also pressured Dr. Palacios to work unhealthy hours in violation of ACGME requirements, placed Dr. Palacios on unwarranted academic probation, threatened to impose further disciplinary measures against him, and directed attending physicians to threaten him.

51. As a result of Defendant's retaliatory acts, Dr. Palacios has suffered economic and emotional injuries.

52. Defendant's conduct was undertaken, in whole or in part, in retaliation for Dr. Palacios's exercise of his rights under the FMLA in violation of 29 U.S.C. § 2615, for which

Defendant is liable for Dr. Palacios's aforementioned damages, in addition to pre- and post-judgment interest and attorneys' fees and costs, in accordance with 29 U.S.C. § 2617.

53.     Defendant's conduct was willful and not undertaken in good faith and renders Defendant liable for liquidated damages and related costs and expenses in accordance with 29 U.S.C. § 2617.

## PRAYER FOR RELIEF

**WHEREFORE**, for the foregoing reasons, Plaintiff prays for judgment against Defendant and specifically requests that this Court grant relief in favor of Plaintiff as follows:

A.  Declaring that, by the acts and practices complained of herein, Defendant has violated the Family Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.*

B.  Directing Defendant to take such affirmative action as is necessary to ensure that the effects of these violations are eliminated and do not continue to affect Plaintiff's employment opportunities, including but not limited to directing Defendant to: (i) provide final sign-off that Dr. Palacios completed all requirements for graduation from Defendant's Program; (ii) remove any negative marks or indicia of discipline from Dr. Palacios's record; and (iii) recommend Dr. Palacios to the American Board of Plastic Surgery for certification immediately, and without any further work commitments.

C.  Directing Defendant to pay Plaintiff economic compensatory damages for all earnings he would have received but for Defendant's discriminatory and retaliatory treatment, including but not limited to, lost wages;

D.  Directing Defendant to pay Plaintiff non-economic compensatory damages for his emotional distress, humiliation, physical injury, severe mental and physical stress,

severe anxiety about his future, harm to his employability and earning capacity, damage to his good reputation, and disruption of his personal life;

E.   Awarding Plaintiff liquidated damages;

F.   Awarding Plaintiff punitive damages as relates to the malicious and willful conduct of Defendant;

G.   Awarding Plaintiff pre- and post-judgment interest;

H.   Awarding Plaintiff costs and reasonable attorneys' fees; and

I.   Granting Plaintiff such other and further relief as this Court deems necessary and proper.

Dated: Dec 15, 2024.

Respectfully submitted,

By:/s/ Chinedu Igbokwe
Chinedu Igbokwe, Esq # 23789
Banwo & Igbokwe Law Firm, LLC
3568 Dodge Street, Suite 100
Omaha, Nebraska 68131
Tel: (402) 345-5759
Fax: (402) 345-6404
nedu@bi-law.com;

mail@bi-law.com.


**SHEPPARD MULLIN RICHTER & HAMPTON LLP**

By: /s/ Camille M. Vasquez

Camille M. Vasquez
Honieh O.H. Udenka
650 Town Center Drive, 10 Floor
Costa Mesa, CA 92626
Tel: (714) 513-5100
Fax: (714) 513-5130
cvasquez@sheppardmullin.com
hudenka@sheppardmullin.com

Shawn D. Fabian
Umar Sattar
321 N. Clark Street, 32 Floor
Chicago, Illinois 60654
Tel: (312) 499-6300
Fax: (312) 499-6301
sfabian@sheppardmullin.com
usattar@sheppardmullin.com

*Attorneys for Hugo Palacios Vazquez*