IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HUGO PALACIOS VAZQUEZ,<br><br>Plaintiff,<br><br>vs.<br><br>BOARD OF REGENTS OF THE UNIVERSITY OF NEBRASKA,<br><br>Defendant. | **CASE NO. 8:24-CV-00480** |

The following attorneys conferred to prepare the Report of Parties' Planning Conference for the above-captioned case:

**Plaintiff:**

Chinedu Igbokwe, Esq # 23789
Banwo & Igbokwe Law Firm, LLC
3568 Dodge Street, Suite 100
Omaha, Nebraska 68131
Tel: 402-345-5759
Fax: 402-345-6404
nedu@bi-law.com

AND

Camille M. Vasquez
Honieh O.H. Udenka
650 Town Center Drive, 10 Floor
Costa Mesa, CA 92626
Tel: (714) 513-5100
Fax: (714) 513-5130
cvasquez@sheppardmullin.com
hudenka@sheppardmullin.com

AND

Shawn D. Fabian
Umar Sattar
321 N. Clark Street, 32 Floor

Chicago, Illinois 60654
Tel: (312) 499-6300
Fax: (312) 499-6301
sfabian@sheppardmullin.com
usattar@sheppardmullin.com


**Defendant:** Board of Regents of the University of Nebraska
Tara A. Stingley, #23243
Madeline C. Hasley, #27870
Cline Williams Wright
 Johnson & Oldfather, L.L.P.
12910 Pierce Street, Suite 200
Omaha, NE 68144
(402) 397-1700
tstingley@clinewilliams.com
mhasley@clinewilliams.com

    AND

Bren H. Chambers, #23150
Interim Vice President and General Counsel
University of Nebraska
3835 Holdrege Street
Lincoln, NE 68583-0745
402-472-1201
bchambers@nebraska.edu

The parties discussed the case and jointly make the following report:

**I.    INITIAL MATTERS:**

    A.    <u>Jurisdiction and Venue</u>:  As to the defendant(s) (mark all boxes that may apply).

       ☒    Jurisdiction is contested because in addition to Plaintiff's claim for retaliation under the Family and Medical Leave Act, Plaintiff has indicated his pursuit of additional claims under federal and state law, but has not yet asserted such other claims in this case. To the extent Plaintiff seeks to pursue such other claims in this lawsuit before they are formally asserted, Defendant submits that the Court lacks jurisdiction over such claims.

       ☐    Venue is contested because _____.

       ☐    Neither jurisdiction nor venue are contested.

2

B. <u>Immunity</u>: As to the defendant(s) (mark all boxes that may apply).

☒ An immunity defense has been raised by a defendant.

☐ An immunity defense will be raised, such defense to be raised on or before **Click here to enter a date.**.

☐ No immunity defense has or will be raised in this case.

C. Either jurisdiction or venue is being challenged, or a defense of immunity has or will be raised, and:

☐ Not applicable.

☒ The parties agree that discovery and case progression can begin before the jurisdiction, venue, and/or immunity issues are decided.

☐ Any or all parties believe that case progression and discovery should be stayed pending a ruling on those issues, and

☐ before any motion(s) to resolve jurisdiction, venue, and/or immunity issues can be filed, initial discovery limited to those issues will be necessary, and such discovery can be completed by: **Click here to enter a date.**.
Explain: _____.

☐ a dispute exists as to whether and to what extent discovery is needed to resolve jurisdiction, venue, and/or immunity issues. A conference with the court is requested.

☐ motion(s) to resolve jurisdiction, venue, and/or immunity issues can be filed on or before **Click here to enter a date.**.

II. **CLAIMS AND DEFENSES:**

A. <u>Claims</u>:

Plaintiff's Position: Dr. Hugo Vazquez was an employee of the Board of Regents of the University of Nebraska. Dr. Vazquez was subjected to constant discriminatory and prejudicial harassment based upon Dr. Vazquez's age and race/ethnicity. For example, Dr. Vazquez was called "pool boy" by his superiors and other racial epithets. Defendants also subjected Dr. Vazquez to different terms of employment than his similarly situated non-Hispanic, non-older colleagues. This included scheduling Dr. Vazquez to a more rigorous call schedule than the aforementioned colleagues, not allowing Dr. Vazquez to

3

take as much vacation as his aforementioned colleagues, and placing Dr. Vazquez on academic probation without reason. Accordingly, Dr. Vazquez is pursuing claims under (i) Title VII for race/ethnicity discrimination; (ii) Age Discrimination in Employment Act for age discrimination; (iii) and the same under Nebraska's employment statutes. These claims are currently with the Equal Employment Opportunity Commission and the Office of Civil Rights as Dr. Vazquez must exhaust his administrative remedies before amending his compliant to add these claims. Defendant retaliated against Dr. Vazquez for exercising his right to take leave pursuant to the Family and Medical Leave Act by (i) unilaterally extending his graduation date; (ii) pressuring Dr. Vazquez to work long and unhealthy hours; (iii) placing Dr. Vazquez on unwarranted probation; and (iv) issuing threats to Dr. Vazquez. Accordingly, Dr. Vazquez brings a claim of retaliation pursuant to the Family and Medical Leave Act.

**Defendant's Response:** Defendant opposes Plaintiff's incorporation of new allegations in the Rule 26(f) Report. Plaintiff asserted one cause of action in his Amended Complaint: FMLA Retaliation. Rather than summarizing the claims asserted in the present lawsuit, Plaintiff includes additional factual allegations and theories of liability. For example, the Amended Complaint does not allege that Plaintiff was called "pool boy". Defendant objects to Plaintiff's reference to alleged claims not asserted in the present lawsuit.

      B.    <u>Defenses</u>: List each alleged affirmative defense to the claims, and for any defenses based on a statute, cite the relevant statute.

Plaintiff was a participant in the University of Nebraska Medical Center's ("UNMC") College of Medicine's Plastic & Reconstructive Surgery Fellowship Program ("the Program") as a resident. Plaintiff's graduation date was extended because Plaintiff had not met the Program's graduation requirements. Plaintiff also did not satisfy all Program and residency requirements. Defendant denies that it retaliated against Plaintiff in any way, including any alleged retaliation in violation of the Family and Medical Leave Act. In addition, Defendant asserts the following affirmative defenses:

    **FIRST AFFIRMATIVE DEFENSE:** Defendant affirmatively alleges that the Complaint fails to state a claim upon which relief can be granted.
    **SECOND AFFIRMATIVE DEFENSE:** Defendant affirmatively alleges that it, at all times, acted in good faith and without discriminatory motive.
    **THIRD AFFIRMATIVE DEFENSE:** Defendant affirmatively alleges that Plaintiff's claims fail to the extent Plaintiff failed to utilize and/or exhaust available remedies or satisfy prerequisites to filing suit.
    **FOURTH AFFIRMATIVE DEFENSE:** Defendant affirmatively alleges that Plaintiff's claims fail to the extent they are barred by the doctrines of waiver, laches, and/or estoppel.
    **FIFTH AFFIRMATIVE DEFENSE:** Defendant affirmatively alleges that Plaintiff has failed to exercise reasonable diligence to mitigate his alleged damages, if any, and therefore Plaintiff's claim for damages is barred in whole or in part.
    **SIXTH AFFIRMATIVE DEFENSE:** Defendant affirmatively alleges that any awarded damages must be reduced by third-party payments made to Plaintiff for unemployment compensation.

   **SEVENTH AFFIRMATIVE DEFENSE:** Defendant affirmatively alleges that Plaintiff's claims are barred to the extent they are untimely and/or barred by the applicable statute of limitations.
   **EIGHTH AFFIRMATIVE DEFENSE:** Defendant affirmatively alleges that any award of punitive damages to Plaintiff is barred by applicable law.
   **NINTH AFFIRMATIVE DEFENSE:** Plaintiff's claims are barred by sovereign immunity under common law and the Eleventh Amendment to the U.S. Constitution.
   **TENTH AFFIRMATIVE DEFENSE:** Plaintiff's damages, if any, are barred, in whole or in part, by the doctrine of after-acquired evidence as Plaintiff's DUI arrest and subsequent Class W misdemeanor conviction for refusal to submit to test violated UNMC's policies and applicable licensure policies and were grounds for Plaintiff's termination from the Program.
   **ELEVENTH AFFIRMATIVE DEFENSE:** Plaintiff breached the 2024-2025 House Officer Agreement with Defendant, effective July 1, 2024, until December 15, 2024, when Plaintiff stopped reporting to work in September 2024.

**III.**  **METHOD OF RESOLUTION**: Please indicate below how the parties anticipate that this case will be resolved.

  ☐ <u>Administrative record</u> review:

    ☐ A party will request discovery.

    ☐ A party will not request discovery.
     **Note:** If no party is requesting discovery, the parties need not complete the **Section VI: Case Progression** portion of this report. Instead, contact the assigned magistrate judge to schedule a conference for entering an administrative review scheduling order.

    ☐ A dispute exists as to whether and to what extent discovery is needed. The parties need not complete the **Section VI: Case Progression** portion of this report at this time. Instead, contact the assigned magistrate judge to set a case progression conference.

  ☐ <u>Cross-motions</u> for summary judgment and/or resolution on stipulated facts:

    ☐ A party will request discovery.

    ☐ A party will not request discovery. The parties' cross-motions for summary judgment will be filed on or before **Click here to enter a date.**.
     **Note:** If no party is requesting discovery, the parties need not complete the **Section VI: Case Progression** portion of this report.

5

☐      A dispute exists as to whether and to what extent discovery is needed. The parties need not complete the **Section VI: Case Progression** portion of this report at this time. Instead, contact the assigned magistrate judge to set a case progression conference.

☒      Trial**:**

    ☐      No party has timely demanded a jury trial.

    ☐      A party has timely demanded a jury trial and does not anticipate waiving that demand, and the parties agree that all or part of the claims in this case must be tried to a jury.

    ☒      A party has demanded a jury trial, and the parties disagree on whether trial by jury is available for all or part of this case.
A motion to strike the jury demand will be filed no later than: **January 29, 2026**

    ☐      The party who previously demanded a jury trial now wishes to waive that right. Any other party who will now demand a jury trial will file that demand within 14 days of the filing of this report, in the absence of which jury trial will be deemed to have been waived.

## IV. SETTLEMENT:

Counsel state (mark all boxes that may apply):

☐      To date, there have been no efforts taken to resolve this dispute.

☒      Efforts have been taken to resolve this dispute

    ☒      prior to filing this lawsuit. Explain: Dr. Vazquez made a pre-lawsuit demand on defendants.

    ☒      after filing this lawsuit, but before the filing of this report.
Explain: The parties are engaged in exploring settlement options, including a potential mediation. Mediation is currently scheduled with a third-party mediator for June 17, 2025.

☐      Counsel have discussed the court's Mediation Plan and its possible application in this case with their clients and opposing counsel, and:

    ☒      It is agreed:

6

   ☒ Mediation is appropriate at this time, and pending the outcome of those efforts,

     ☐ case progression should be stayed.

     ☒ case progression should not be stayed.

   ☐ Mediation may be appropriate in the future. Please explain when you believe mediation may be useful: _____

   ☐ Mediation will not be appropriate. Explain: _____.

   ☐ Counsel believe that with further efforts in the future, the case can be settled, and they will be prepared to discuss settlement, or again discuss settlement, by **Click here to enter a date.**.

  ☐ At least one party is not interested in exploring options for settling this case.

**V. CONSENT TO FINAL RESOLUTION BY A MAGISTRATE JUDGE**:

As explained more fully in the Civil Case Management Practices, in accordance with the provisions of 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties in this case may voluntarily consent to have a United States Magistrate Judge conduct all further proceedings in the case, including the trial, and order the entry of final judgment. The consent must be unanimous, and any appeal must be taken to the United States Court of Appeals. If the parties do not presently consent, they may do so later. Absent consent, the case will remain with the assigned United States District Judge or, if not previously assigned to a District Judge, it will be randomly assigned to a District Judge.

  ☐ All parties hereby voluntarily consent to have the United States Magistrate Judge conduct all further proceedings in this case including the trial and entry of final judgment.

  ☒ At least one party does not currently consent.

**VI. CASE PROGRESSION:**

  A. Initial mandatory disclosures required by Rule 26(a)(1).

    ☐ Have been completed.

    ☒ Will be completed by July 12, 2025.

7

B.  Motions to amend the pleadings or to add parties.

☒  A plaintiff does anticipate a need to amend pleadings or add parties. Motions to amend pleadings or add parties will be filed by Plaintiff(s) on or before September 12, 2025.

☐  A defendant does not anticipate a need to amend pleadings or add parties. Motions to amend pleadings or add parties will be filed by Defendant (s) on or before **Click here to enter a date.**.

If more than 90 days are needed, explain why: Plaintiff filed complaints against Defendant with the Equal Employment Opportunity Commission and the Office of Civil Rights. These complaints relate to the allegations contained in this matter. Plaintiff's complaint before the EEOC relates to allegations that BRUN discriminated against Plaintiff on the basis of Plaintiff's age. Plaintiff's complaint with the OCR relates to allegations that Plaintiff discriminated against Plaintiff on the basis of Plaintiff's Puerto Rican and Hispanic ancestry. Plaintiff anticipates amending his complaint following the Equal Employment Opportunity Commission and the Office of Civil Rights' issuance of a right-to-sue and/or similar documentation. Plaintiff must exhaust his remedies before amending the complaint to include these additional claims.

C.  Discovery.

1)  As to written discovery under Rules 33, 34, 36, and 45:

a.  The parties have discussed currently anticipated number of interrogatories, document production requests, and requests for admissions. Based on those discussions:

☒  The parties do not anticipate any disputes over the number of discovery requests served.

☐  The parties believe a dispute may arise over the number of (mark all boxes that may apply):

☐  Interrogatories.
☐  Requests for Production.
☐  Requests for Admission.

If the parties anticipate a possible dispute over the number of written discovery requests, when completing

8

        **Section VII** below, indicate when a conference with the court may be useful to avert or resolve that dispute.

    b.    Written discovery will be completed by: December 3, 2025

2)    As to expert disclosures as required under Rule 26(a)(2):

    ☐    The parties do not anticipate calling experts to testify at trial.

    ☒    The parties anticipate calling experts to testify at trial, and

        a.    Counsel agree to at least **identify** such experts, by name, address, and profession (i.e., without the full reports required by Rule 26(a)(2)), by:

            i. Plaintiff: December 5, 2025
            ii. Defendant: January 5, 2026 (rebuttal)

        b.    Expert **reports** shall be served by:

            i. Plaintiff: January 5, 2026
            ii. Defendant: February 5, 2026

        c.    Motions to exclude expert testimony on *Daubert* and related grounds will be filed by: March 6, 2026

3)    As to deposition testimony under Rules 30 and 45:

    a.    The maximum number of depositions that may be taken by the plaintiffs as a group and the defendants as a group is 5.

    b.    All depositions

        ☒    will be limited by Rule 30(d)(1).

        ☐    will be limited by Rule 30(d)(1), except as follows: _____.

    c.    All depositions, regardless of whether they are intended to be used at trial, will be completed by: **February 20, 2026**

4)    Protective Order:

    ☒    All parties anticipate that a protective order will be needed to complete the exchange of discovery, and

9

    ☐    the parties hereby move the court to enter the court's standard protective order (see, Civil Case Management website page,

        ☐    with the court's standard Attorneys' Eyes Only provisions.

        ☒    with the court's standard HIPAA language permitting release of Protected Health Information.

    ☐    the parties hereby move the court to enter the proposed protective order attached to this report.

    ☒    the parties will jointly move, or a party will move for entry of a protective order, emailing a copy of the proposed protective order in Word format to the chambers of the magistrate judge assigned to the case.

☐    At least one party believes a protective order will not be necessary in this case.

5) Work Product and Privileged Information: The parties have reviewed the **Civil Case Management Practices**, including those provisions discussing discovery of **Privileged Information**, and they have discussed whether certain categories of documents, are presumptively privileged.

    ☒    The parties agree that the following categories of documents are presumptively privileged and need not be listed on a privilege log:

        ☒    Documents between legal counsel and clients created on or after **October 4, 2024**

        ☐    Documents maintained by consulting or testifying experts created on or after **Click here to enter a date.**.

        ☐    The following documents: _____.

    ☐    Counsel have discussed the discovery of privileged information, but they have not agreed on what documents are presumptively privileged.

10

If the parties anticipate a possible dispute over Work Product and Privileged Information discovery, when completing **Section VII** below, indicate when a conference with the court may be useful to avert or resolve that dispute.

6) Electronically Stored Information (ESI): The parties have reviewed the Civil Case Management Practices, including those provisions discussing discovery of ESI and,

☒ the parties do not anticipate a dispute over preservation, scope, and production of ESI.

☐ the parties anticipate a dispute regarding the preservation, scope, and production of ESI.

If the parties anticipate a possible dispute over ESI, when completing **Section VII** below, indicate when a conference with the court may be useful to avert or resolve that dispute.

7) Other special discovery provisions agreed to by the parties include: _____.

D. Dispositive Motions.

☐ The parties do not anticipate filing motions to dismiss, for judgment on the pleadings, or for summary judgment as to any claims and/or defenses.

☒ A party anticipates filing a motion to dismiss, and/or for judgment on the pleadings, and/or or for summary judgment

    a. as to the following claims and/or defenses: _____;
       i. Plaintiff: all claims
       ii. Defendant: all claims.

    b. such motions to be filed on or before: March 31, 2026

E. Other matters to which the parties stipulate and/or which the court should know or consider: _____.

F. This case will be ready for trial before the court by: July 20, 2026.

G. The estimated length of trial is 3 - 5 days.

VII. **CONFERENCING WITH THE COURT**:

A.  Initial Case Conference:

☐  At least one party requests a conference with the court before the court enters a final case progression order for this lawsuit.

☒  All parties agree that the court may enter a final case progression order for this lawsuit without first conferring with the parties.

B.  Interim Status Conference:

☐  At least one party believes a court conference with the parties may be helpful (e.g., to assist with averting or resolving a dispute over written discovery, ESI, or privilege/work product discovery; following service of mandatory disclosures; after completing written discovery, etc.), and requests a conference be set in: September 2025.

☒  The parties do not currently anticipate that a court conference will assist with case progression, and they will contact the assigned magistrate judge to schedule a conference if a problem arises.

**Reminder:** **By signing this document, counsel and any self-represented parties acknowledge that they have reviewed the Civil Case Management Practices, including those provisions discussing discovery of Electronically Stored Information and Privileged Information**.

Dated: **June 12, 2025.**

| | |
|---|---|
| */s/ Chinedu Igbokwe* | */s/ Tara A. Stingley* |
| */s/ Shawn D. Fabian* | */s/ Maddie C. Hasley* |
| */s/ Camille M. Vasquez* | |
| */s/ Honieh O.H. Udenka* | |
| */s/ Umar Sattar* | |
| Counsel for Plaintiff Dr. Vazquez | Counsel for Defendant Board of Regents of the University of Nebraska, |

## CERTIFICATE OF SERVICE

  I hereby certify that on June 12, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

*/s/ Umar Sattar*