IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HUGO PALACIOS VAZQUEZ,<br><br>Plaintiff,<br><br>vs.<br><br>BOARD OF REGENTS OF THE UNIVERSITY OF NEBRASKA,<br><br>Defendant. | **8:24CV480**<br><br>**ORDER** |

On November 19, 2026, this matter came on for a telephonic discovery dispute conference pursuant to the requirements set forth in the Fifth Amended Final Progression Order (Filing No. 80), and this district's Magistrate Judge Civil Case Management Practices, at pp. 7-8 (https://www.ned.uscourts.gov/attorney/judges-information/civil-case-management). Defendant appeared through counsel Tara Stingley and Madeline Hasley. Plaintiff *pro se* did not appear. Chambers staff made several attempts to contact Plaintiff at the phone number and email address identified on the docket, including calling his mobile phone twice and sending email correspondence. The call went to voicemail both times and the court received no email response prior to starting the hearing. The matter was duly noticed (Filing No. 81), and accordingly proceeded and a record made. The audio recording can be found on the court docket at Filing No. 83.

The court identified the documents submitted by both parties in advance and in preparation for the discovery dispute hearing, which the court has uploaded to the court docket and marked as restricted. (Filing No. 84). The court next summarized the discovery

matters in dispute, which generally included: Plaintiff's continued contact directly with Defendant's employees in violation of the court's instructions; Plaintiff's purported failure to supplement responses to outstanding written discovery; and Plaintiff's failure to return a signed release or authorization for records from non-party Jackson HMA, LLC d/b/a Merit Health Central. Defense counsel provided argument and the court made particular findings and rulings as stated on the record and summarized as follows:

1. Plaintiff is obligated to progress his case and must comply with court orders.

It is well established that *pro se* litigants are not excused from complying with court orders. *See Clark v. Aksamit*, 2010 WL 2682790 *2 (D. Neb. July 2, 2010) (citing *Farnsworth v. City of Kansas City, Mo.*, 863 F.2d 33, 34 (8th Cir. 1988) (per curiam)). A "district court may, in its discretion, dismiss an action pursuant to Fed. R. Civ. P. 41(b) if the plaintiff fails to prosecute or comply with a court order." *Id.* (citing *Smith v. Gold Dust Casino*, 526 F.3d 402, 404 (8th Cir. 2008)). A *pro se* litigant, like an attorney, is obligated to comply with the Federal Rules of Civil Procedure and the court's local rules. *See Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856-57 (8th Cir. 1996). A *pro se* litigant may not "hide behind their *pro se* status[,]" nor may they ignore a magistrate judge's discovery orders or other orders, fail to comply with pretrial requirements, or engage in dilatory conduct delaying the discovery process. *Id.*

This matter has been pending for almost two years, with the complaint first filed on December 15, 2024. (Filing No. 1). The case progression deadlines have been extended multiple times, with the parties now operating under their Fifth Amended Final Progression Order. (Filing No. 80). The extended written discovery deadline of January 18, 2027, is rapidly approaching. So too are the expert disclosure deadlines and the deadline to file motions to compel. (Filing No. 80). Plaintiff's prior counsel moved to withdraw months ago (Filing No. 65 and 75), and the court has provided ample time for Plaintiff to retain new counsel, continuing and/or staying case progression several times at his request. (Filing No. 72 and 74, Text Minute Entries). Plaintiff eventually informed the court that he was unable to retain new counsel and would represent himself in the meantime and the

matter was re-progressed. (Filing No. 80 and Filing No. 78, Text Minute Entry). Plaintiff was instructed verbally of his obligation to participate in, and diligently progress, this matter and to comply with the applicable rules, including the Federal Rules of Civil Procedure and the court's local rules. (Filing No. 79, audio file at 07:40-8:20). The undersigned also included those same instructions in the court's Fifth Amended Final Progression Order, which further contained hyperlinks to those rules as referenced. (Filing No. 80 at ¶¶12-13). Plaintiff was also specifically instructed in that same order as follows:

> As with defense counsel, the plaintiff is reminded:
>
> a. A party must not speak with the court, or with the opposing party, unless the attorney for the opposing party is also present or on the telephone;
>
> b. Any written communications, such as letters or emails, to the opposing party must be sent to only the opposing party's attorney;
>
> c. If the plaintiff sends any filings, letters, or emails to the court, a copy must also be sent to the attorney for the opposing party; and
>
> d. If the plaintiff changes his address or phone number, he must immediately advise the court and the attorney for the opposing party of this change.

(Filing No. 80 at ¶14).

Defense counsel argued that Plaintiff continues to delay progression of this matter and is in violation of several court orders. In particular, Plaintiff has failed to respond to Defendant's numerous attempts to secure supplemental responses to written discovery. The evidence supports these arguments. Defendant first made efforts to secure supplemental discovery responses to interrogatories and requests for production as far back as April 14, 2026, over seven months ago.[1] Those requests were ignored, or promises by Plaintiff's former counsel to respond were never fulfilled. Defendant again recently attempted to secure those supplemental responses from Plaintiff through correspondence dated October

[1] Plaintiff's initial responses to Defendant's Interrogatories and Requests for Production were dated much earlier, on January 30, 2026. (Filing No. 84 at pp. 289-307).

22, 2026, but those requests too were ignored. (Filing No. 84 at pp. 277-287). Indeed, when the court recently instructed Plaintiff to provide a substantive response to that particular issue in preparation for the discovery dispute conference, he failed to do so. (Filing No. 84 at pp. 5-6). Instead, on November 18, 2026, Plaintiff simply responded "I am in the process of retaining new counsel, which shall address discovery disputes with Defendant." (Filing No. 84 at 15). Plaintiff then failed to appear for the November 19, 2026, discovery dispute conference at all and failed to provide any good cause to justify his non-response to those outstanding discovery issues. (Filing No. 82, Text Minute Entry).

Defendant next argued that Plaintiff continues to ignore other court orders, and the evidence again supports these points. The court advised Plaintiff that he may not communicate with the court *ex parte*. *See* Filing No. 80 at ¶14(c). However, Plaintiff failed to copy opposing counsel on his discovery dispute summary sent to the court on November 12, 2026. (Filing No. 84 at 5-6; Filing No. 84 at 11). He also failed to copy opposing counsel on his November 18, 2026, email to the court. (Filing No. 84 at 15). The court again instructed Plaintiff that he may not communicate with the court *ex parte*, but that "If the plaintiff sends any filings, letters, or emails to the court, a copy must also be sent to the attorney for the opposing party[.]" (Filing No. 84 at 12 *citing* Filing No. 80 at ¶14(c)).

Plaintiff has also ignored several times the court's order that he not have any direct contact with the opposing party or its employees, but that all communications must be through the attorney for the opposing party. (Filing No. 80 at ¶14(b)). Plaintiff sent emails to Defendant's employees on October 19, 23, 26, 2026 and November 4, 9, and 17, 2026.[2] Defendant's counsel repeatedly requested Plaintiff cease attempts to communicate directly with Defendant's employees. (Filing No. 84 at 18 (October 22); Filing No. 84 at 20

[2] Plaintiff does not dispute that he did so and in fact produced the emails for the court's review. (Filing No. 84 at 17 (October 19); Filing No. 84 at 23 (October 23); Filing No. 84 at 29 (October 26); Filing No. 84 at 30 (November 4); Filing No. 84 at 31 (November 9); Filing No. 84 at 36 (November 17); Filing No. 84 at 348 (November 18). He argues the emails became necessary because Defendant was not timely responding to inquiries by the Medical Board of California concerning his application for a medical license. (Filing No. 84 at 16). In an effort to resolve that issue, the court instructed Plaintiff to provide a complete copy of that letter to defense counsel, who now represents that she will immediately contact her client and provide an appropriate response to the inquiry.

(October 23); Filing No. 84 at 24 (October 26); Filing No. 84 at 46-47 (November 11); Filing No. 84 at 339 (November 18)). The court reminded Plaintiff on November 13, 2026, that he may not contact Defendant's employees, but that communications must be through counsel only. (Filing No. 84 at 5-6). There were two occasions last week alone where Plaintiff failed to comply, notwithstanding the court's reminders. (Filing No. 84 at 339-340, Filing No. 84 at 348).

Not only are the emails in violation of the court's orders, but it also appears they have become increasingly hostile. An email sent to Defendant's employees on November 18, 2026, just one day before the conference with the court, accused the employees of "deliberately interfering with, delaying, and obstructing my license, while attempting to cower behind [defense counsel], who have also acted in the same manner." (Filing No. 84 at 348). The email continued with its threatening tone, warning the employee that the "deliberate interference, delaying and obstructing of my medical license is a serious offense, as well as tampering of my record" and it even suggested the disbarment of defense counsel. (Filing No. 84 at 348). The communications are inappropriate and they must stop.

Defendant orally requested contempt sanctions, including attorney fees, arguing that Plaintiff's repeated violations have forced Defendant to incur unnecessary fees and costs. The court overruled the request at this time, but expressly noted on the record that should the infractions continue, Plaintiff may face potential sanctions, including a finding of contempt, attorney fees, or an order to show cause as to why his matter should not be dismissed entirely pursuant to Fed. R. Civ. P. 41(b) for a failure to prosecute. The court concluded that should Plaintiff again make contact with Defendant's employees in violation of the Fifth Amended Final Progression Order and the court's instructions, Defendant may file a formal motion for contempt sanctions to be further considered by the court.

2. Plaintiff must supplement his discovery responses.

As noted, Defendant requested that Plaintiff supplement his responses to written discovery many months ago. Defendant's more recent efforts to secure those responses have proven to be equally unfruitful. (Filing No. 84 at 266-276 (April 14, 2026); Filing No. 84 at 277-287 (October 22, 2026)). The Federal Rules of Civil Procedure require a responding party to serve answers and any objections to properly served interrogatories and requests for production within thirty days of service. *See* Fed. R. Civ. P. 33(b)(2) and 34(b)(2). If objections to discovery requests are not timely, they are waived "unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4); *Bachman v. Bachman,* No. 8:19CV276, 2021 WL 12137405, at *2 (D. Neb. Jan. 14, 2021). For the reasons noted on the record, the court orders Plaintiff to provide supplemental responses to Defendant's interrogatories and requests for production as specifically requested no later than December 21, 2026. The court finds that any objections to outstanding discovery are now waived given Plaintiff's repeated delays. Should Plaintiff not comply, Defendant may file a formal motion to compel without a further discovery dispute conference.

3. Plaintiff shall return a signed authorization.

In September 2025, Defendant issued a Rule 45 subpoena to non-party Jackson HMA, LLC d/b/a Merit Health Central. Defendant made efforts to secure a response to the subpoena, but was informed that the provider required a signed authorization from Plaintiff. Defense counsel contacted Plaintiff's former counsel months ago, or on April 27, 2026, and requested that authorization. Notwithstanding assurances that it would be provided, it never was. (Filing No. 84 at 3, Filing No. 84 at 24). Defendant's additional efforts to secure the authorization have again been ignored, including a more recent request made directly to Plaintiff on October 22, 2026. (Filing No. 84 at 277). Finding any objections under Rule 45 are now waived, the court orders Plaintiff to return the signed authorization no later than December 21, 2026. Any documents received shall be subject to the court's Protective Order. (Filing No. 49).

For these reasons, and for the additional reasons stated on the record, IT IS ORDERED that:

(1) Defendant's oral motion for contempt sanctions at this time is denied, subject to renewal should Plaintiff again contact Defendant's employees in violation of the court's orders. Should such contact occur, Defendant may file a formal motion for contempt sanctions to be further considered by the court.

(2) On or before **December 21, 2026**, Plaintiff shall either supplement his responses to interrogatories and requests for production of documents as specifically requested in defense counsel's October 22, 2026 conferral letter, or show specific cause why he is unable to respond. The court finds that objections are waived given Plaintiff's repeated delays. The court further preemptively finds the process of retaining new counsel is not a sufficient reason for any further delay. Should Plaintiff not comply, Defendant may file a formal motion to compel without a further discovery dispute conference.

(3) Plaintiff shall return to defense counsel the signed authorization for records requested from non-party Jackson HMA, LLC d/b/a Merit Health Central no later than **December 21, 2026.** Any objections under Rule 45 are waived and documents received shall be subject to the court's Protective Order (Filing No. 49). Should Plaintiff not comply, Defendant may file a formal motion to compel without a further discovery dispute conference.

Dated this 23rd day of November, 2026.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge